UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| USA MILLENNIUM, LP | § | CASE NO. 24-10266 |
| | § | |
| DEBTOR | § | CHAPTER 7 |

**CREDITOR ANSON DISTRIBUTING, LLC'S OBJECTION AND**
<u>**MOTION TO DISMISS**</u>

> **14-DAY NEGATIVE NOTICE – LBR 1017(b)**
>
> **Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**
>
> **No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE JOSHUA SEARCY, UNITED STATES BANKRUPTCY JUDGE;

Comes now Creditor Anson Distributing, LLC ("Anson"), who files this Objection to Debtor USA Millennium, LP's ("Millennium") Motion to Confirm Debtor's Authority to File for Bankruptcy and Motion to Dismiss these proceedings for lack of jurisdiction, lack of authority, and bad faith. For the reasons set forth below, the Motion to Confirm should be denied and these proceedings should be dismissed.

1

# FACTUAL HISTORY

### A. In August 2020, Debtor Millennium is Found Liable to Creditor Anson for $1.5 Million by a Texas District Court.

On August 10, 2020, after a 3-day jury trial in the 151st Judicial District of Harris County, Judge Mike Engelhart entered a Final Judgment in *Anson v. Millennium, et al.*, Cause No. 2016-42352, awarding Creditor Anson a nearly $1.5 million judgment against Debtor Millennium.[1]

Around this time, Millennium filed a Deposit in Lieu of Supersedeas Bond, posting, as appellate security to stay execution on this $1.5 million Judgment, an $11,749.11 deposit.[2] Millennium based this figure on an affidavit by its CFO, Mohammed Danishmund, that Millennium had a net worth of around $23,000.[3] Anson challenged this artificially depressed valuation based on recent, publicly filed affidavits by Millennium's CEO, Muhammed Tahir Javed, that his interest in Millennium was worth between *$5 million and $25 million*.[4] In connection with its valuation challenge, Anson provided evidence showing that Danishmund (with the help of others) purged Millennium's balance sheet of more than $3.5 million in assets to make Millennium judgement-proof.[5]

On August 24, 2021, the trial court ordered that Danishmund's net worth affidavit be "set aside" as "void and of no effect" due to its false contents.[6] Incorporating "pages 3-7 of Anson's August 6, 2021 [filing]," the Court found that "the financial information produced in discovery shows that the true net worth of USA Millennium, LP is at least $3,500,000.00," and ordered that

---

[1] *See* **Ex. A** at 1 (Amended Final Judgment; Aug. 10, 2020).

[2] *See* **Ex. B** at 1-2 (Millennium's Deposit in Lieu of Bond; June 19, 2020).

[3] *See* **Ex. C** at 1 (Anson's Proffer of Evidence; Aug. 8, 2021); *see also* **Ex. D** (Anson's Motion to Set Aside Rule 24.2 Net Worth Affidavit).

[4] *See* **Ex. C** at 2.

[5] *Id.* at 3-4.

[6] *See* **Ex. E** at 1 (Order; Aug. 14, 2021).

a supersedeas bond be set at $1,489,750.90.[7]  By incorporating Anson's Proffer of Evidence, the trial court found as follows:

- "The data presented by [Danishmund] and Millennium presents an <u>entirely false and misleading picture of the company's financial condition</u>" and "<u>artificial[ly] manipulate[s] … the data</u>."[8]
- "<u>Danishmund admitted</u> that … he very <u>intentionally purged Millennium's balance sheet of more than $3.5 million in assets</u>."
- Millennium's "balance sheet … reveal[s] … <u>wholly arbitrary manipulation</u>."
- "Danishmund <u>unilaterally reduced the value of Millennium's</u> inventory by $925,037."
- "Danishmund came to the conclusion that [a] half million dollar assets should be valued at $15,000."[9]

In short, the trial court found that, because Danishmund's affidavit was full of falsehoods and admissions of malfeasance, it must be declared void and of no effect.

**B.  In March 2022, the Texas District Court Appoints a Receiver for Millennium, Who Thereafter Retains All Authority Over Millennium to the Exclusion of Millennium's Officers and Directors.**

After the trial court's finding that Danishmund fraudulently purged Millennium of its assets, Millennium failed to post its $1,489,750.90 appellate security.  Thereafter, on March 17, 2022, Judge Engelhart issued a Receivership Order appointing Christopher "Kit" Ashby as the Receiver ("Receiver") for "Defendant/Judgment Creditor USA Millennium, LP."[10]  In relevant part, that Receivership Order decrees as follows:

---

[7] *Id.* at 5.

[8] Unless otherwise indicated, all emphasis here has been added.

[9] **Ex. C** at 3-7; *see also* **Ex. E.** at 1.

[10] *See* **Ex. F** at 1 (Receivership Order; Mar. 17, 2022).

3

- "The Court hereby **ORDERS that Christopher "Kit" Ashby is hereby appointed as the Receiver of USA Millennium, LP**'s non-exempt assets, pursuant to § 31.002 of the Texas Civil Practice and Remedies Code …."[11]

- "It is ORDERED that **all authority and power of USA Millennium LP in the management of the entity is vested in the Receiver** and no decision may be made or carried out without the express approval of the Receiver. *Id.* ("Texas law asserts that the receiver has the full rights that the corporation had"). It is further ORDERED that **this order supersedes the authority of any officers, directors or managers of USA Millennium LP**."[12]

- "It is further ORDERED that **any attempt by USA Millennium, LP or any of its agents, officers, employees, partners, attorneys, or designees to sell, transfer, convey, alienate, or otherwise dispose of USA Millennium, LP's non-exempt property** on or after the date this Order is signed **is hereby declared to be VOID**."[13]

- "**The Court retains exclusive subject matter jurisdiction over the Receiver for all matters ancillary to this Receivership** unless otherwise ordered. The determination whether a matter against the Receiver is not ancillary to this Turnover Receivership shall be by the Receivership Court only."[14]

- "During the pendency of this receivership, it is ORDERED that the **Receiver shall have exclusive possession and custody of USA Millennium, LP's property** to which the receivership related."[15]

- "The judgment debtor's [**Millennium's] property is considered to be in the constructive possession of the Court**."[16]

- It is further ORDERED that unless authorized by this Court in advance, **any purported transfer of property by any person or entity other than the Receiver in the custody of this Court's duly appointed receiver is void**."[17]

- "The **Receiver is the agent of this Court**."[18]

---

[11] *Id.* at 4.

[12] *Id.* at 8.

[13] *Id.* at 4.

[14] *Id.* at 5.

[15] *Id.* at 4.

[16] *Id.* at 4.

[17] *Id.* at 4.

[18] *Id.* at 5.

- "**No suit shall be brought against the Receiver in any capacity other than as 'Court Appointed Receiver'** unless permission from this Court has, prior to the filing of such suit, been expressly granted by written order of this Court."[19]

- "**Any suit brought against the Receiver** by any party in this Receivership or the underlying judgment case, or any third party not a party to this Receivership, **must be brought against the Receiver in this official capacity as 'Court Appointed Receiver' and in this Court, the Receivership Court**."[20]

Put simply, by virtue of the Receivership Order, the Texas trial court, through its duly appointed Receiver, took exclusive possession and control of Millennium, its assets, and its rights. Under that Receivership Order, the Texas court and its Receiver retain *exclusive* control of, and jurisdiction over, Millennium. And under the Receivership Order, the authority of Millennium's agents and officers—including Danishmund, whose malfeasance and false testimony contributed to the receivership in the first place—are expressly superseded. Upon this Order's issuance, neither Danishmund, Javed, nor anyone else (save for the Receiver) had the right to do anything on Millennium's behalf.

## C. Through Its Receiver, Millennium Prosecutes Claims Against Danishmund and Others Who Fraudulently Stripped Millennium of Millions in Assets.

On March 22, 2022, Mr. Ashby signed the Receiver's oath and became Millennium's Receiver.[21] On August 24, 2023, the Texas Fourteenth Court of Appeals affirmed the trial court's approximately $1.5 million judgment in favor of Anson against Millennium (save for an approximately $45,000 remittitur, which Anson agreed to)—an amount the Receiver was charged with collecting.[22]

---

[19] *Id.* at 5.

[20] *Id.* at 5.

[21] *See* **Ex. G** at 1 (Oath of Receiver; Mar. 22, 2023).

[22] *See* **Ex. H** at 1 (Judgment; Aug. 24, 2023). Thereafter, Millennium filed a petition for review with the Texas Supreme Court; that petition will almost surely be denied; but it is currently on hold due to these bankruptcy proceedings. *See USA Millennium, LP v. Anson Distributing, LLC*, No. 23-0792 (Order; June 14, 2024).

5

Around this time, the Receiver began prosecuting claims in the Texas Receivership Court—the court of *exclusive* jurisdiction—against the entities and individuals who had worked fleece Millennium of its nearly $3.5 million in assets. On April 17, 2024, the Receiver sued Starco—Millennium's parent company, which was owned by Millennium's CEO, Javed, and managed by Millennium's CFO, Danishmund—for (among other things) fraud and conversion.[23] Later, on June 3, 2024, the Receiver obtained a summary judgment against Starco for $1,029,546.91 in amounts owed to Millennium that Starco (along with Javed and Danishmund) had fraudulently written off.[24] Around this time, the Receiver also filed suit against Javed and Danishmund in their individual capacities, bringing claims for:

- Breach of fiduciary duty;
- Conversion;
- Fraud;
- Breach of contract;
- Quantum meruit;
- Unjust enrichment; and
- Civil conspiracy.[25]

In connection with these various claims, the Receiver sought compensatory damages in the amount of $3.5 million, exemplary damages, costs, and attorneys' fees.[26]

**D.    Flouting the Texas Receivership Court's Order, Danishmund Files for Bankruptcy on Millennium's Behalf to Forestall Millennium's $3.5 Million Lawsuit Against Him.**

Facing Millennium's $3.5 million lawsuit against him, and newly aware that the Receiver had successfully obtained $1 million summary-judgment against Starco, on June 11, 2024 (days

---

[23] *See* **Ex. I** (Receiver's First Amended Application for Writ of Garnishment After Judgment and Original Petition; Apr. 17, 2024).

[24] *See* **Ex. J** (Order Granting Summary Judgment; June 3, 2024); *see also* **Ex. K** (Receiver's Motion for Summary Judgment; May 13, 2024).

[25] *See* **Ex. L** (Receiver's Second Amended Application for Writ of Garnishment After Judgment and First Amended Original Petition; May 7, 2024).

[26] *Id.* at 11.

after the Receiver obtained its $1 million judgment), Danishmund falsely filed in this Court a Chapter 7 bankruptcy petition *on Millennium's behalf* in an attempt to abate all proceedings against him in the Texas Receivership Court.[27] Defying the Texas Receivership Court's order decreeing that (a) "all authority and power of USA Millennium LP in the management of the entity is vested in the Receiver"; (b) this authority "supersedes the authority of any officers, directors or managers of USA Millennium LP"; and (c) the Texas District Court "retains exclusive subject matter jurisdiction over the Receiver for all matters,"[28] Danishmund falsely asserted "under penalty of perjury" that he had authority to file for bankruptcy in this Court on Millennium's behalf:

| Debtor | USA Millennium, LP | Case number (if known) |

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
        MM / DD / YYYY

X /s/ Mohammed Danishmund
Signature of authorized representative of debtor
**Mohammed Danishmund**
Printed name
**CFO**
Title

---

[27] *See* Bankr. Dkt. No. 1 (Voluntary Chapter 7 Petition; June 11, 2024).

[28] **Ex. F** at 8, 5 (Receivership Order; Mar. 17, 2022).

*See* Bankr. Dkt. No. 1 at 5.

These representations, of course, were false, and subject Danishmund to penalties under federal law. *See* 18 U.S.C. § 152, 1342, 1519, and 3571. What's more, Danishmund's motives in filing this fraudulent petition were obvious: To impede and delay Millennium's Receiver's multi-million-dollar civil claims against him in the Texas Receivership Court.

On August 23, 2024, Millennium's Receiver filed a Report in the Texas Receivership Court representing that Danishmund is "violating [the Court's] order" and asking for a show-cause hearing to address whether Danishmund should be sanctioned.[29] In response, Danishmund filed a motion in this Court seeking to confirm his authority to file for bankruptcy on Millennium's behalf.[30] Weeks later, Danishmund sought to derail entirely the Texas Receivership proceedings against him. On October 3, 2024, his attorney (purporting to act on behalf of Millennium) filed a "Notice of Removal" seeking to remove the Texas-court Receivership proceedings to the U.S. District Court for the Southern District of Texas, and then transfer them to this Court.[31] Among its many defects, that Notice repeatedly refers to Mr. Ashby as "Anson's receiver."[32] Creditor Anson is not in receivership. Debtor Millennium is.

Now, in accordance with Texas law, federal law, and the Texas Receivership Court's binding Receivership Order, Creditor Anson moves to dismiss these proceedings because this Court lacks jurisdiction to hear them and Danishmund lacked authority to institute them.

---

[29] *See* **Ex. M** at 5 (Receiver's Report of Aug. 23, 2024).

[30] *See* Bankr. Dkt. No. 20 (Motion to Confirm Debtor's Authority to File Bankruptcy).

[31] *See* Bankr. Dkt. No. 26, 26-1 (Debtor's Notice of Filing Notice of Removal).

[32] Bankr. Dkt. No. 26-1 at 1 (Debtor's Notice of Removal).

8

## ARGUMENTS & AUTHORITIES

Under Chapter 7, the Court may dismiss a case after notice and hearing "for cause." 11 U.S.C. § 707; *see also* FED. R. BANKR. P. 9014. Here, there are three independent reasons for dismissing these Chapter 7 proceedings: (1) this Court lacks jurisdiction over them; (2) the person instituting these proceedings on Millennium's behalf, Mohammed Danishmund, lacked any authority to do so; and (3) these proceedings were filed in bad faith, as a tactic by Danishmund to avoid facing multi-million-dollar claims against him in Texas District Court. For any of these reasons, these proceedings must be dismissed.

## I. This Court Lacks Jurisdiction Over Millennium, Which Has Been Subject to a State Court Receivership Since 2022.

As the District Court's Receivership Order holds, "[Millennium's] property is considered to be in the constructive possession of th[at] Court," which "retains ***exclusive subject matter jurisdiction*** over [it] for all matters ancillary to [its] Receivership unless otherwise ordered."[33] "The determination of whether a matter … [is] ancillary" to the "Receivership" is also a matter consigned to "the Receivership Court ***only***."[34] Under the supervision of the Receivership Court, "the Receiver shall have the exclusive possession and custody of USA Millennium, LP's property to which the Receivership relates"—*i.e.*, "all of USA Millennium, LP's non-exempt property."[35]

For over a century, it has been the law in the United States that "[w]hen a court exercising jurisdiction in equity appoints a receiver of all the property of [an entity], the court assumes the administration of the estate. The possession of the receiver is the possession of the court; and the court itself holds and administers the estate through the receiver, as its officer, for the benefit of

---

[33] **Ex. F** at 5 (Receivership Order; Mar. 17, 2022).

[34] *Id.*

[35] *Id.* at 4.

those whom the court shall ultimately adjudge to be entitled to it." *Porter v. Sabin*, 149 U.S. 473, 479 (1893). "It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver …." *Id.* Moreover, where a *state court* appoints a receiver over an entity, as has happened here, it is particularly important that a federal court refrain from interfering that state court's exclusive jurisdiction:

> The reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained, or the administration by that court of the estate in the receiver's hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory. The whole property of the corporation within the jurisdiction of the court which appointed the receiver, including all its rights of action, except so far as already lawfully disposed of under orders of that court, remains in its custody, to be administered and distributed by it. Until the administration of the estate has been completed, and the receivership terminated, **no court of the one government can, by collateral suit, assume to deal with rights of property or of action constituting part of the estate within the exclusive jurisdiction and control of the courts of the other**.

*Id.* at 480 (citing cases); *see also United States v. Stephens*, 208 F.2d 105, 108 (5th Cir. 1953); *see also, e.g.*, *Protopapas v. Travelers Cas. & Sur. Co.*, 94 F.4th 351, 358 (4th Cir. 2024) ("a federal court lacks jurisdiction over a state receivership or a state-court appointed receiver with respect to assets of the receivership because the state court has exclusive jurisdiction over the assets of the receivership"); *Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 633 (Tex. App.—San Antonio 2009, no pet.) ("It is well established that a court appointing a receiver has exclusive jurisdiction over the property subject to receivership." (citing *Neel v. Fuller,* 557 S.W.2d 73, 76 (Tex. 1977)).

It is equally well settled that "if two suits [are] pending, one in a state and the other in a federal court, [and they] are in rem or quasi in rem,[36] so that the court or its officer must have

---

[36] A receivership proceeding in an *in rem* proceeding. *See generally* 12 Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 2985 (3d ed. 2009) ("[T]he appointment of a receiver is in the nature of a

possession or control of the property which is the subject matter of the suits in order to proceed with the cause and to grant the relief sought, the court first acquiring jurisdiction or assuming control of such property is entitled to maintain and exercise its jurisdiction *to the exclusion of the other*." *Mandeville v. Canterbury,* 318 U.S. 47, 48–49 (1943). Accordingly, "an abundance of federal decisional law, including an impressive array of Supreme Court decisions, makes it clear that in all cases involving a specific piece of property, real or personal (including various forms of intangible property), the federal court's jurisdiction is qualified by the ancient and oft-repeated rule—often called the doctrine of prior exclusive jurisdiction—that when a state or federal court of competent jurisdiction has obtained possession, custody, or control of particular property, **that authority and power over the property may not be disturbed by any other court**." 13F Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 3631, at 271–72 (3d ed. 2009).

Under these principles, the Texas Receivership Court is the court is the court of "exclusive jurisdiction" and the court of "prior exclusive jurisdiction." This Court cannot and should not "by collateral suit, assume to deal with rights of property or of action constituting part of the [receivership] within the exclusive jurisdiction and control of the [Texas Receivership Court]." *Porter*, 149 U.S. at 480.

## II. The Appointment of a Receiver for Millennium in 2022 Meant Danishmund Lacked Authority to File for Bankruptcy on Millennium's Behalf in 2024.

A person filing a voluntary bankruptcy petition on an entity's behalf must be authorized to do so. *See generally Price v. Gurney,* 324 U.S. 100, 106 (1945). "[C]ourts have consistently looked to state law to determine whether a person has authority to file a voluntary petition on

---

proceeding in rem …."); *see also Gaskin v. Hand*, 560 F. Supp. 930, 931 (S.D. Tex. 1983) ("A suit applying for the appointment of a receiver is an action *in rem,* which comes under the exclusive jurisdiction of the first court assuming jurisdiction over its property.").

behalf of [an entity]." *Matter of Phillips*, 966 F.2d 926, 934 (5th Cir. 1992); *see also In re TAGT, L.P.*, 393 B.R. 143, 148 (Bankr. S.D. Tex. 2006), aff'd 540 F.3d 328 (5th Cir. 2008). And, where a court "finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, **it has no alternative but to dismiss the petition**." *Price*, 324 U.S. at 106. "It is not enough that those who seek to speak for the corporation may have the right to obtain that authority." *In re Franchise Services of N. Am., Inc.*, 891 F.3d 198, 207 (5th Cir. 2018). "Rather, they must have it at the time of filing." *Id.* "Absent a duly authorized petition, the bankruptcy court has no power 'to shift the management of a corporation from one group to another, to settle intracorporate disputes, and to adjust intracorporate claims.'" *Id.* (quoting *Price*, 324 U.S. at 106-07).

Here, it cannot be disputed that Danishmund lacked authority to institute Chapter 7 proceedings on Millennium's behalf. Under the 2022 Receivership Order, "all authority and power of USA Millennium LP in the management of the entity is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver."[37] That Receivership Order "supersede[d] the authority of any officers, directors, or managers of USA Millennium, LP"—including its CFO, Danishmund. And "any attempt by USA Millennium, LP or any of its agents, officers, employees, partners, attorneys, or designees to sell, transfer, convey, alienate, or otherwise dispose of USA Millennium, LP's non-exempt property on or after the date this Order is signed is hereby declared to be VOID."[38] To the extent Millennium decides to file bankruptcy, the Receivership Order makes clear that that decision *rests with Millennium's Receiver*. *See* **Ex. F**

---

[37] **Ex. F** at 8 (Receivership Order; Mar. 17, 2022).

[38] *Id.* at 4.

(Receivership Order; Mar. 17, 2022) at 10 (entitling the Receiver to "file[] bankruptcy" on Millennium's behalf).

It bears adding that, under Texas law (which controls on the question of authority), where a receiver is appointed for an entity, that entity "is no longer to be under the control of the parties" who previously oversaw it, "but is thenceforth to be and is in the custody of the court." *Riesner v. Gulf, C. & S.F. Ry. Co.*, 36 S.W. 53, 54 (Tex. 1896). Upon a receiver's appointment, "the title of the parties to control dies, and then the title of the court and of its agent and officer immediately succeeds." *Id.*; *see also Chitex Commc'n, Inc. v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994) ("Texas law asserts that the receiver has the full rights that the corporation had."); *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 903 (5th Cir. 1980) ("a receiver, standing in the shoes of management, holds the sole right … to direct the litigation of the corporation with whose care he is entrusted").

In his two-page Motion to Confirm Debtor's Authority to File Bankruptcy filed on September 17, 2024, Danishmund (who continues to claim he is acting for Millennium) cites one unpublished case contending otherwise. *See* Bankr. Dkt. No. 20 (Mtn. to Confirm Debtor's Authority to File Bankruptcy) at 2. That case, *In re Gaston Premier*, No. 09-11903-CAG (Order; Nov. 19, 2009), simply stands for the proposition that "[a] state court receivership cannot operate to deny a corporate debtor access to this nation's bankruptcy court." *Id.* at 10. This is as true as it is irrelevant. No one is arguing that Millennium is *foreclosed* from access to this (or any other) bankruptcy court. But to the extent Millennium chooses to avail itself of a bankruptcy court's protections, **under Texas law, that decision now lies with the Receiver**. It certainly does not like with Danishmund, Millennium's disgraced CFO whose misrepresentations in the Texas trial court were not only nullified for being false, but who was found to have stripped Millennium of all of

13

its assets and now faces a $3.5 million lawsuit for malfeasance. Federal courts have held over and over that, once a state gives control of an entity over to a third-party receiver, that receiver is the "only person … who could go to court on behalf" of the entity. *Oil & Gas Co. v. Duryee*, 9 F.3d 771, 773 (9th Cir. 1993) (declaring that a corporate president's attempt to file for bankruptcy on the entity's behalf was "null and void"); *see also Sino Clean Energy Inc. by & through Baowen Ren v. Seiden*, 565 B.R. 677, 682 (D. Nev. 2017), *aff'd* 901 F.3d 1139 (9th Cir. 2018) ("states are free to allow receivers to decide which members of a company's management can file for bankruptcy").

Because Danishmund had no authority to institute these proceedings, this Court "has no alternative but to dismiss [them]." *Price*, 324 U.S. at 106.

### III. These Proceedings Should Be Dismissed Because Danishmund Instituted Them in Bad Faith.

Finally, a person's "bad faith in the bankruptcy process can serve as the basis of a dismissal 'for cause,' even if the bad faith conduct is arguably encompassed by other provisions of the Code." *In re Krueger*, 812 F.3d 365, 370 (5th Cir. 2016). "Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *Little Creek Dev. Co. v. Commonwealth Mortg. Co. (In re Little Creek Dev. Co.),* 779 F.2d 1068, 1071 (5th Cir.1986).

Here, there can be no doubt that Danishmund instituted these proceedings (purportedly on Millennium's behalf) in bad faith. Danishmund *knew* Millennium was subject to a receivership in Texas. His latest motion confirms it. *See* Dkt. No. 20 (Motion to Confirm Debtor's Authority) at 1-2 ("On March 17, 2022, a state court appointed Christopher 'Kit' Ashby … as a turnover receiver for Debtor …."). His familiarity with the Receivership Order likewise confirms he understands that that (1) "all authority and power of USA Millennium LP in the management of the entity is

vested in the Receiver"; (2) "no decision may be made or carried out without the express approval of the Receiver"; and (3) the Receiver's authority "supersede[s] the authority of any officers, directors, or managers of USA Millennium, LP," like Danishmund. Defying this Order, Danishmund chose to file this bankruptcy petition on Millennium's behalf anyway, and has since tried to use it to derail the Texas state court Receivership proceedings by "removing" them to federal court.[39] It should be obvious that Danishmund has not filed this Chapter 7 petition to *protect* Millennium—a company whose "balance sheet" Danishmund was found to have "intentionally purged … of more than $3.5 million in assets."[40] On the contrary, Danishmund has instituted this case for *his own benefit* (and Javed's): to forestall the Receiver's civil suit against them that seeks $3.5 million in damages for fraud, fiduciary breach, conversion, and the like. Respectfully, these proceedings must be dismissed, and the Receiver's work must proceed in the Texas Receivership Court where Danishmund and others will finally be held accountable for their malfeasance.

## CONCLUSION & PRAYER

Wherefore, Anson respectfully asks that the Court (1) deny the Motion to Confirm Debtor's Authority to File Bankruptcy and (2) grant this Motion and dismiss these proceedings so that the Receiver can continue seeking relief in state court on Millennium's behalf. Anson asks that it be granted all other relief to which it may be justly entitled.

Dated: October 7, 2024

By: *Conor P. McEvily*
Conor P. McEvily
Texas Bar No. 24078970
cmcevily@gibbsbruns.com
GIBBS & BRUNS LLP
1100 Louisiana St., Ste. 5300
Houston, Texas 77002
Telephone (713) 751-5214

---

[39] *See* Bankr. Dkt. No. 26-1 at 1 (Debtor's Notice of Removal).

[40] **Ex. C** at 3-7; *see also* **Ex. E.** at 1.

15

# **CERTIFICATE OF SERVICE**

       I do hereby certify that on October 7, 2024, a true and correct copy of the foregoing Motion has been properly forwarded by electronic mail, or first-class mail, to all parties on the attached matrix.

                                        *Conor P. McEvily*
                                        Conor P. McEvily

                                        ***Counsel for Anson Distributing, LLC***